IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| UNITED STATES OF AMERICA, | REDACTED OPINION AND ORDER |
| Plaintiff, | |
| | 01-cr-32-bbc-01 |
| v. | |
| MICHAEL L. BROWN, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Michael L. Brown has filed a motion for a new trial under Fed. R. Crim. P. 33, alleging that he now has declarations from two of his coconspirators confirming that defendant was not involved in all of the robberies for which he was convicted in 2002. His motion is untimely and must be dismissed on that ground, but even if it were timely, his evidence is not newly discovered and would not support a new trial.

Defendant was convicted in this court on December 4, 2001, on nine counts of bank robbery and use of a firearm in connection with a crime of violence. He took an appeal from his conviction; the appeal was denied. He petitioned for a writ of certiorari from the Supreme Court; the petition was denied on December 1, 2003. He filed a timely motion for post conviction relief, which was denied on January 4, 2005. In 2006, he filed a motion for a new trial that was denied as premature, because it rested solely on defendant's belief that the FBI had exculpatory evidence that it was withholding, despite defendant's efforts to

3

obtain the documents under the Freedom of Information Act.

Defendant filed his latest motion for a new trial on August 28, 2012, accompanied by a June 18, 2009 declaration from a government witness, Victor Caldwell, charged in the same robbery conspiracy, dkt. #280, and a May 11, 2012, declaration from codefendant James Fleming, dkt. #279, signed before his death on September 13, 2012. In the declaration, Caldwell recanted his trial testimony implicating defendant in the robberies and averred instead that defendant was not involved in three of the five robberies (a Wendy's restaurant, a Kohl's grocery store and the Great Midwest Bank). Fleming confessed to the robberies in his May 11 declaration, and exonerated defendant specifically of the same three robberies, but added that defendant "was not involved in any way with any of the robberies." Id. at 3.

## BACKGROUND

Defendant came to the attention of law enforcement in 1998.

The FBI continued its investigation of the robberies and learned that defendant might have been involved. Defendant was indicted on March 15, 2001 in a 21-count indictment, along with two codefendants, James Fleming and Robert Sutton. The case went to trial in November 2001. The jury heard extensive testimony from a number of witnesses, including coconspirator Victor Caldwell, about defendant's part in the crimes, which involved planning the crimes, scouting the crime scenes in advance, recruiting the actors and obtaining weapons, as well as counting and distributing the proceeds. On one occasion he persuaded

a cousin employed by the Movie Gallery to help in a robbery of the store.

The jury returned its verdict of guilty on December 4, 2001. On October 24, 2006, defendant filed a "Motion to Grant a New Trial Based upon Newly Discovered Evidence," contending that his efforts to obtain exculpatory evidence from the FBI required a new trial. That motion was denied as premature on November 14, 2006. In his new motion, he contends that the declarations filed by his codefendants show that he is entitled to a new trial.

Victor Caldwell's declaration is dated June 18, 2009 and consists of the following five sentences, with the name Victor Caldwell handwritten and inserted into the typed statement:

> I Victor Caldwell attesting to the facts contained in the forgoing. As being true and correct.
>
> Michael L. Brown had nothing to do with what me and my friends, co conspirators were doing doing [sic], the robberies of Wendy's, Kohls, the Greatmidwestern Bank [sic].
>
> I was untruthful when I stated that he was involved in the past.
>
> I declare that the forgoing is true and correct under the penalty of perjury to 28 U.S.C. § 1746.

The declaration is signed "Victor Caldwell 6-18-09" above the words "Sign & Date."

James Fleming's declaration is three pages. He says that defendant was "not involved, in any way, in the planning or commission of, the robberies of the Wendy's Restaurant, the Kohl's Grocery Store, the Greatmidwestern Bank or any other of the numerous robberies I committed." Dkt. #273 at 1. He adds that defendant did not supply any guns, disguises

or vehicles used in the commission of the robberies or do any of the planning. Rather, Fleming says, he or other participants in the robberies did the planning and that it was his idea to rob banks in the early morning when the employees's guards were down and to use young white girls as getaway drivers. Id. at 1-2. He adds that before trial the government offered him a term of 20 years if he would testify against defendant at trial.

OPINION

Fed. R. Crim. P. 33(a)(1) gives defendants three years after the verdict in which to file a motion for a new trial that is based upon newly discovered evidence. In defendant's case, the verdict was returned on December 4, 2001 so he had until December 4, 2004, in which to file his motion. He missed this deadline by many years, so his July 31, 2012 request for allowing the late filing of his renewed motion, dkt. #271, cannot be granted. Rule 33 is not jurisdictional, but it is a claims processing rule that courts are obliged to follow, unless the party asserting the rule has forfeited the point by waiting too long to raise it. United States v. Eberhart, 546 U.S. 12, 15 (2005). The government did not forfeit the issue but raised it promptly.

Defendant argues that when a rule is not considered jurisdictional, the court has the authority to entertain it, even when it is late. He adds that the court should exercise this authority in his case because the court "open[ed] the door for defendant to be able to return to have his Rule 33 motion adjudicated once he obtained exculpatory evidence." Dkt. #286 at 2. This is not quite accurate. In the order denying his 2006 motion for a new trial, I

denied the motion as premature because defendant had no new evidence to support a new trial but I said that "[i]f the [FBI] decides to release the evidence and it is exculpatory, as he believes, he may have a basis both for filing a motion for new trial and for relief from the 3-year filing deadline set out in Rule 33." Dkt. #269 at 2. This did not amount to an assurance by the court that he would be heard when he obtained this evidence, even if such assurance would be enough to excuse defendant from the deadline. Defendant has suggested no other reason why the 3-year filing deadling would not apply to him. Merely identifying Rule 33 as a claims processing rule is not enough. Therefore, I conclude that the motion must be dismissed as untimely.

In any event, defendant's motion would have to be denied even if it had been filed eight years ago because his "newly discovered" evidence does not require the holding of a new trial. The terse Caldwell declaration is not newly discovered evidence within the meaning of Rule 33. If defendant had no involvement in any of the robberies, as he asserts, he would have known when Caldwell testified that his testimony was false. United States v. Theodosopoulos, 48 F.3d 1438, 1448-49 (7th Cir. 1995) (when defendant knew before trial that possible witness was in position to testify that defendant was not involved in drug deal, the fact that witness did not testify because he had chosen to plead Fifth Amendment does not mean that his post trial statement exculpating defendant qualified as newly discovered evidence). Caldwell testified at trial so defendant had a full opportunity to cross examine him and to call witnesses to testify to Caldwell's lack of credibility. Accordingly, Caldwell's 2009 declaration does not require a new trial.

As to Fleming, he was tried together with defendant and never took the witness stand, but, as with Caldwell, if defendant was innocent of the crimes, he would have known before trial that Fleming could have testified that defendant was not guilty. Fleming's declaration does not require a new trial because defendant cannot show that it satisfies the four-factor test set forth in United States v. Taylor, 600 F.3d 863, 869 (7th Cir. 2010): (1) the knowledge must have come to the defendant's knowledge only after trial; (2) it must not have been discoverable earlier even if the defendant had exercised due diligence; (3) it is material and not merely impeaching; and (4) it would probably lead to acquittal in the event of a new trial. Defendant cannot meet the first factor because he would have known at the time of his trial that Fleming could testify to his innocence, if, as he asserts, he was innocent. His knowledge at the time of trial that he was innocent means he could not meet the second factor either. He did not need due diligence to find out something he already knew. I will assume for the purpose of this motion that defendant could meet the third factor that Fleming's declaration would be material evidence (and that it is truthful, which seems unlikely). However, defendant cannot meet the fourth factor because it is not even plausible that the declaration would lead to his acquittal if a new trial were to be held. The evidence against defendant at his trial was compelling. It was also extensive. A declaration from a codefendant who knows he is dying, that he will not leave prison and who has nothing to lose by signing the statement would not outweigh the testimony of the many witnesses who can testify to defendant's guilt.

In summary, even if defendant's motion for a new trial under Fed. R. Crim. P. 33

were timely, it falls far short of showing that he is entitled to a new trial.

## ORDER

IT IS ORDERED that Michael L. Brown's motion for a new trial under Fed. R. Crim. P. 33 is DENIED as untimely.

Entered this 25th day of October, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge